IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD AMBROSE, et al.,** | ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-cv-533-DRH |
| **CENTRAL MANAGEMENT SERVICE,** *et al.*, | ) ) ) ) | |
| **Defendants.** | | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Thirteen inmates in the Big Muddy River Correctional Center have jointly filed this action asserting various violations of their constitutional rights. The Seventh Circuit Court of Appeals has held that district courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under FED.R.CIV.P. 20 are satisfied. However, the Circuit held that **each prisoner in the joint action is required to pay a full filing fee**. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

In reaching their conclusion, the Circuit discounted the trial court's concerns about the predatory leanings of some inmates to include other inmates in litigation for their personal gain. The Circuit noted that throughout the history of prisoner litigation, even before enactment of the Prison Litigation Reform Act, "jailhouse lawyers surely overstepped their roles on occasion." *Boriboune*, 391 F.3d at 854. Also, the Circuit addressed the difficulties in administering group prisoner complaints, stating that "the rules [or civil procedure] provide palliatives," such as severance of the claims pursuant to FED.R.CIV.P. 20(b), pretrial orders providing for a logical sequence of decision

pursuant to Rule 16, orders dropping parties improperly joined pursuant to Rule 21, and orders directing separate trials pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Next, the Circuit focused on the question whether joint prisoner litigation undermines the system of financial incentives created by the Prison Litigation Reform Act, holding that Prison Litigation Reform Act did not repeal Rule 20 by implication. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." According to the Circuit, repeal by implication occurs only when the newer rule "is logically incompatible with the older one." *Id.* In concluding that no irreconcilable conflict exists between Rule 20 and the Act, the Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it.[1]

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to FED.R.CIV.P. 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under FED.R.CIV.P. 11, or may count toward the limit of three weak

---

[1] 28 U.S.C. § 1914(a) sets the fee for filing a civil complaint at $250 for cases filed on or after February 7, 2005. Prior to enactment of Pub.L.No. 108-447, 118 Stat. 2809 (December 8, 2004), the filing fee for civil actions was $150. The Circuit did not address the question whether Congress intended district courts to disregard 28 U.S.C. § 1915(b)(3), which reads, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action . . . ."

*forma pauperis* claims allowed by § 1915(g)." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. In fact, the Seventh Circuit recently clarified that courts may record strikes against prisoners for each *claim* in a complaint that is dismissed as frivolous or malicious or fails to state a claim upon which relief may be granted. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, to clarify, the Seventh Circuit now interprets § 1915(g) as requiring district courts to issue strikes for legally meritless *claims* within an action. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers each Plaintiff an opportunity to withdraw from this litigation before the case progresses further. **Each Plaintiff may wish to take into consideration the following points in making his decision**:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under FED.R.CIV.P. 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if any claim contained in the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

**IT IS HEREBY ORDERED** that each Plaintiff shall have until **October 3, 2008**, in which to advise the Court whether he wishes the Court to consider him a plaintiff in this group action. If, by October 3, any one or more of the Plaintiffs advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee.

**IT IS FURTHER ORDERED** that any Plaintiff who does not respond to this order by October 3 will be considered a plaintiff in this action. At that time, the Court will proceed as described above, and each Plaintiff still a party to this action shall be held accountable for all consequences explained above.

**IT IS SO ORDERED.**

**DATED: September 3, 2008.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**