# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD AMBROSE, et al.,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 08-cv-533-DRH |
| **CENTRAL MANAGEMENT SERVICES, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This action was initiated by 13 inmates at the Big Muddy River Correctional Center. The Court advised them of the potential pitfalls of multi-inmate litigation (*see* Doc. 17), and several inmates now seek to withdraw from the action. Accordingly, the motions to withdraw from Hale (Doc. 22), Koempel (Doc. 23), William R. Williams (Doc. 25), Kendall (Doc. 26), Cash (Docs. 27, 28) are **GRANTED**. It follows that the motions for leave to proceed *in forma pauperis* from these individuals (Docs. 7, 8, 9, 13, 14) are now **MOOT**.[1]

### MOTIONS TO AMEND AND/OR SUPPLEMENT

In their first such motion (Doc. 19), Plaintiffs attempt to amend their complaint by including their additions and deletions within the text of the motion. However, in this District,

> [t]he original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be

---

[1] The *in forma pauperis* motions filed by the remaining Plaintiffs (Ambrose, Tiffany, Cramer, David Williams, Smock, Eagle, Reeves, and Handel) have been addressed in separate orders.

> underlined. It is sufficient to simply underline the names of new
> parties the first place they appear in amended pleadings. Similarly,
> when new claims or defenses are raised by amendment, it is sufficient
> that the number of the designated count or paragraphs identifying the
> amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Because Plaintiffs did not submit a copy of their proposed amended complaint, the instant motion is **DENIED** without prejudice.

Plaintiffs' motion to supplement (Doc. 21) is more perplexing. It seems to be an effort to explain some of the documents contained as exhibits to the original complaint, and the Court is unsure why Plaintiffs felt compelled to file this motion. However, at this time, the motion is **GRANTED**; the parties will consider the points raised in this motion when evaluating the exhibits in question.

Finally, Plaintiffs recently filed a motion to dismiss two of their claims (Doc. 29). Specifically, they wish to dismiss their claim regarding minimum wages (Count 1, ¶ 44), as well as their request for class certification. This motion is **GRANTED**.

## CLAIMS PRESENTED

Each Plaintiff states that he has been civilly committed to the Illinois Department of Corrections pursuant to the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.01 et seq. In turn, the I.D.O.C. has confined them in the Big Muddy River Correctional Center ("BMRCC"). According to the Department's website,

> [t]he Big Muddy River Correctional Center is unique in that it is the only facility that houses sexually dangerous persons (SDPs). A sexually dangerous person is committed civilly receiving indeterminate sentences for sexual offenses. The treatment program not only deals with the sexual offenses, but with the mental illness, developmental issues, cognitive distortions, substance abuse, anger management and social skills. This is done through a variety of therapy and psychological educational groups such as Discovery

> Group, Rational Emotive Therapy group, Cycle Group and Victim
> Empathy and Relapse Prevention. The SDP Program has been housed
> at Big Muddy River Correctional Center since November 1995.[2]

## *Count 1*

Plaintiffs allege that defendants are violating their civil rights due to practices, policies, and regulations that do not conform to substantive due process requirements. They also allege, generally, that the conditions under which they are confined to not reasonably relate to or serve a legitimate penological interest or purpose, except merely to punish those who are committed under the SDPA. The general theme of this count is that because they have not been convicted of any crime, they should not be subjected to the same conditions as those who have been convicted. Rather, as pre-trial detainees, they assert that they should not be subjected to any conditions that could be considered "punishment" as opposed to "treatment" for their affliction.

Plaintiffs then set forth, in enumerated paragraphs, the various ways in which they believe they are mistreated. Specifically, but not exclusively, they allege the following examples of their treatment as being not conducive to the therapeutic treatment they should be receiving:

- They are confined to a facility within the perimeter of BMRCC, where they are essentially subjected to more restrictive conditions than inmates in general population.

- They are subjected to continual harassment and name-calling by inmates and staff alike.

- They are subjected to disciplinary tickets and resulting punishments, including time in segregation, restrictions on access to the commissary, the yard, the telephone, and visitation.

- They are frequently subjected to early-morning compliance checks and

---

[2] *See* http://www.idoc.state.il.us/subsections/facilities/information.asp?instchoice=Big Muddy River (accessed March 4, 2009).

> random cell shake-downs, in which their personal property is confiscated or destroyed without justification.

- Their personal mail and phone calls are censored or monitored.

- They are forced to mingle with general population inmates for chow and yard time, as well as in the medical unit.

- They are handcuffed, shackled, and strip-searched as though they were convicted felons.

Only one of the specific claims warrants discussion, and dismissal, at this time. Plaintiffs allege that their families, friends and attorneys are forced to pay excessively high rates for telephone calls to the prison, due to the mark-up by the sole telephone contractor (Count 1, ¶ 42). The Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 115 S.Ct. 2293 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982) (inmates have no right to unlimited telephone use). Moreover, Plaintiffs are not completely barred from communicating with the outside world; nothing bars them from sending or receiving mail. Although these options may not be as inefficient a means of communication, the Constitution does not require that prison officials choose the least restrictive alternative. *Thornburgh,* 490 U.S. at 411; *see also Arsberry,* 244 F.3d at 564-65 (high price of prison telephone calls that arguably curtail visiting by families who live far from prisons does not violate Fourteenth Amendment due process rights). Thus, the claim regarding telephone calls is

dismissed, as are the Unknown Phone Contractor defendants.

As for the remaining claims in Count 1, generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991). Applying these standards to the remaining allegations in Count 1, the Court is unable to dismiss any of the specific claims at this time. *See* 28 U.S.C. § 1915A.

The question remain as to which of the defendants listed in the complaint should be held to answer to Count 1. Virtually all of the allegations in this count are attributed to unspecified defendants (*e.g.,* "all the Defendants"); the only individual Defendants mentioned in Count I are Walker and Carich.[3] The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to

---

[3] Plaintiff refers to Defendant Roy Bradford (Count 1, ¶¶ 5, 6), but Bradford is not listed as a defendant in either the caption or in the portion of the complaint in which they identify the defendants. Thus, the Court does not consider Bradford a party to this action.

state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

As stated above, the only individual defendants mentioned in Count 1 are Walker and Carich. However, the sole mention of Carich (*see* ¶ 6) seems to be a claim that Walker is responsible for hiring Carich and, thus, for the actions of Carich that are more fully discussed in Count 2. Therefore, the Court construes Count 1 as naming only Walker as an individual defendant.

## *Count 2*

Plaintiffs' second claim is that they have been denied the mental health treatment for which they were specifically committed. They assert that Defendants Carich, Spilman and Stanislaus have, either individually or collectively, subjected them to unorthodox treatment methods not supported by accepted medical standards, coerced them into confrontations and then issued them unwarranted disciplinary tickets, threatened them, and falsified their medical and therapeutic records.

Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v.*

6

> *Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Further, the Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

Applying these standards to the allegations in Count 2, the Court is unable to dismiss these claims against Carich, Spilman or Stanislaus at this time. *See* 28 U.S.C. § 1915A.

**OTHER DEFENDANTS**

In the caption and in the section titled "Defendants", Plaintiffs list the following individuals and entities as defendants in this action: Central Management Services, John Evans, Bill Peton,

DCFS Agents, Robert Hilliard, Jennifer Wilson, and assorted categories of unknown parties (*e.g.*, all guards, lieutenants and supervisors, all counties and municipalities). As previously stated, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins*, 143 F.3d at 334. Accordingly, these defendants will be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **CENTRAL MANAGEMENT SERVICES, JOHN EVANS, BILL PETON, DCFS AGENTS, ROBERT HILLIARD, JENNIFER WILSON**, and **ALL UNKNOWN PARTIES** are **DISMISSED** from this action with prejudice. Further, Plaintiffs' claims in **¶ 42 and ¶ 44 of Count 1** are **DISMISSED** from this action with prejudice. Plaintiffs are advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike against each of them for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, CARICH, SPILMAN** and **STANISLAUS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, CARICH, SPILMAN** and **STANISLAUS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the

8

Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for purposes of supervising discovery issues, with dispositive motions and motions for appointment of counsel to be handled by the undersigned district judge.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 4, 2009.**

/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**