IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD AMBROSE,** | ) | |
| **DAVID TIFFANY,** | ) | |
| **MICHAEL CRAMER,** | ) | |
| **DAVID WILLIAMS,** | ) | |
| **JERRY SMOCK,** | ) | |
| **STRONG EAGLE, and** | ) | |
| **PAUL REEVES,** | ) | |
| | ) | Civil No. **08-533-DRH-CJP** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ROGER WALKER,** | ) | |
| **MARK CARICH,** | ) | |
| **KAREN SPILMAN, and** | ) | |
| **ANGELINE STANISLAUS,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

The seven plaintiffs are confined to Big Muddy Correctional Center pursuant to the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01, et seq.[1] They allege that various aspects of their confinement violate their rights under the United States Constitution and under Illinois law.

Defendants have filed motions for summary judgment **(Docs. 73 & 81)** which raise

---

[1]The amended complaint refers to the plaintiffs as "SDPs." This Court will use the same mode of reference.

1

failure to exhaust administrative remedies. Plaintiffs, through their appointed counsel, have filed responses at **Docs. 90 & 93.**

There is no dispute as to the facts regarding exhaustion. The motions and responses thereto raise only legal issues. Therefore, no evidentiary hearing pursuant to ***Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008),** is necessary.

## Nature of Plaintiffs' Claims

Through counsel, plaintiffs filed an amended complaint at **Doc. 71** which sets forth the following claims:

Count 1: Claim under 42 U.S.C. §1983 by plaintiffs Ambrose and Strong Eagle against defendants Walker, Randle and Carich for deliberate indifference to their "constitutional rights to reasonable safety" in that defendants' agents and employees have physically and verbally assaulted plaintiffs, have housed them with general population inmates, have identified them as SDPs to general population inmates, and have instructed inmates to verbally and physically assault them.

Count 2: State law claim by Ambrose and Strong Eagle against Walker and Randle arising out of the events alleged in Count 1.

Count 3: Section 1983 claim by plaintiffs Ambrose and Strong Eagle against defendants Walker and Randle for use of excessive force by defendants' agents and employee.

Count 4: Section 1983 claim by all plaintiffs against Walker and Randle for subjecting plaintiffs to improper searches and seizures.

Count 5: Section 1983 claim against all defendants for deliberate indifference to all plaintiffs' serious medical needs.

Count 6: State law claim by all plaintiffs against all defendants for failure to provide adequate medical treatment.

Count 7: Section 1983 claim by plaintiff Strong Eagle against defendants Walker and Randle for interfering with his First Amendment right to practice his religion.

>Count 8: State law claim by Strong Eagle against Walker and Randle for failing to provide access to religious services.

## Standard for Summary Judgment

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc*., 553 F.3d 559, 563 (7th Cir. 2009), *citing* Fed. R. Civ. P. 56(c). *Accord, Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff). *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009).

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather, the non-movant must provide *evidence* on which the jury or court could find in *his* favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit recently explained:

>[T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St.Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009).

## The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As the Seventh Circuit explained in ***Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004)**, a person detained under the Sexually Dangerous Persons Act has the legal status of a pretrial detainee, i.e., "a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness." Such persons are prisoners as that term is used in Section 1997e, and are subject to the exhaustion requirement. ***Kalinowski*, 358 F.3d at 978-979.**

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. **See 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** In the context of Section 1997(e), exhaustion requires that a prisoner "properly take each

step within the administrative process." *Pozo v. McCaughtry*, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq*. In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor. If the problem is not resolved, the inmate must first submit his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden notifies the inmate in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

### Defendants' Position

Defendants argue that Richard Ambrose is the only plaintiff to have exhausted a relevant grievance. According to defendants, Ambrose has exhausted only as to his claims that he is not separated from general population inmates, resulting in verbal harassment (Count 1), that he is subjected to unreasonable searches (Count 4), and that he is not receiving adequate mental health care (Count 5). Further, Ambrose did not name either defendant Spilman or Stanislaus in a grievance, and has therefore not exhausted any claims as to them.

### Plaintiffs' Position

Plaintiffs concede that Ambrose is the only plaintiff to have exhausted a relevant

grievance. However, they argue that a rule of "vicarious exhaustion" should be applied and/or that the exhaustion requirement should be waived because exhaustion would be futile.

Ambrose also maintains that he did, in fact, exhaust a grievance regarding physical assault and denial of adequate medical care.

### Analysis

**1.      Plaintiff Ambrose**

Ambrose has filed and exhausted a number of grievances. They are attached as exhibits to the declaration of Sherry Benton, filed as an attachment to **Doc. 73.** Defendants concede that Ambrose has exhausted administrative remedies as to his claims that he is not separated from general population inmates, which has resulted in verbal, but not physical, harassment (Count 1), that he is subjected to improper searches (Count 4), and that he has not been given adequate mental, but not physical, health treatment (Count 5). In their response, **Doc. 90**, plaintiffs suggest that Ambrose did, in fact, exhaust as to claims that he had been physically assaulted and denied adequate medical care. Plaintiffs cite generally to Exhibits 1 and 2 to the Benton declaration in support of their position. **See, Doc. 90, page 3, paragraph 10.**

Exhibit 1 to the Benton declaration is a group of grievances dated July 5, 2006. In them, Ambrose complained about daily compliance checks and limitations on personal property; the application of IDOC rules to SDPs, which results in them being "punished" even though they have not been convicted of crimes; performing strip searches of SDPs; "warehousing" SDPs with general population inmates; failure to single-cell SDPs; overcrowding, which results in limitations on access to the library and commissary and short meal times; lack of variety in diet; and high prices in the commissary.

Exhibit 2 is a group of three grievances which were returned by the ARB to Ambrose on January 20, 2007, because they did not include the responses of the Grievance Officer or Chief Administrative Officer.  Those grievances concerned lack of law library access, rate of pay for work done by SDPs, and a disciplinary ticket issued to Ambrose for insolence.  Because those grievances were rejected for non-compliance with IDOC rules, they were not exhausted.

Neither Exhibit 1 nor Exhibit 2 establish that Ambrose exhausted grievances as to claims that he had been physically assaulted and denied adequate medical care.  It is the non-movant's burden to come forward with specific evidence which demonstrates that there is a genuine issue of material fact; a general reference to something that may be buried in the record is not sufficient.  See, *Northwestern National Insurance Company v. Baltes*, **15 F.3d 660, 662-663 (7th Cir. 1994).**  Ambrose has not come forward with any evidence to establish that he actually exhausted a grievance as to physical assault or deliberate indifference to a medical or dental need.

In addition, defendants argue that Ambrose has not exhausted a grievance in which he named either Spilman or Stanislaus.  In the amended complaint, Spilman is alleged to be a counselor who assists in operating the treatment program for SDPs.  Stanislaus is alleged to be a psychiatrist who treats SDPs.  **Doc. 71, paragraphs 13 & 16.**

Ambrose admits that he has not named either defendant in an exhausted grievance.  See, **Doc. 90, p. 3, paragraph 11; Doc. 93, p. 3, paragraph 21.** With regard to Dr. Stanislaus, Ambrose claims that he exhausted a grievance regarding denial of adequate psychiatric and medical care, citing to Ex. 3 to the declaration of Sherry Benton, attached to **Doc. 81**.  However, the grievances which make up Ex. 3 concern harassment by staff on the B-wing and complaints

7

about Dr. Mark Carich, who oversees the SDP treatment program.

The state may legitimately enact regulations which require "factual particularity" in a grievance. ***Strong v. David*, 297 F.3d 646, 649-650 (7th Cir. 2002)**. Illinois has done so. 20 IL ADC 504.810(b), amended effective May 1, 2003, requires that a grievance "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible."

While Ambrose did exhaust a grievance in which he complained about Dr. Carich, that grievance does not name either Spilman or Stanislaus.

In sum, Ambrose exhausted only as to his claims that he is not separated from general population inmates, leading to verbal harassment (Counts 1 and 2), that he is subjected to improper searches (Count 4), and that he is not receiving adequate mental health care (Counts 5 and 6). Thus, all other Counts, including the portions of Counts 1 and 2 that complain of physical assault, should be dismissed without prejudice. Further, while Counts 5 and 6 refer to medical treatment in general, they should be limited to mental health treatment only, as Ambrose exhausted only as to mental health treatment. Lastly, Ambrose has not exhausted grievances which name defendants Spilman or Stanislaus.

**2.**     **Plaintiffs Tiffany, Cramer, Williams, Smock, Strong Eagle and Reeves**

The rest of the plaintiffs concede that they have not exhausted any relevant grievances.

**Doc. 90, p. 3, paragraphs 4 through 9**. However, they argue that the exhaustion requirement should be deemed to be satisfied as to all plaintiffs by virtue of Ambrose's exhausted grievances. In making this argument, plaintiffs note that the concept of vicarious exhaustion has been applied to class actions challenging prison conditions, citing *Lewis v. Washington*, **265 F.Supp.2d 939 (N.D.Ill., 2003)**.

District court decision are not authoritative precedent. *Harzewski v. Guidant Corporation,* **489 F.3d 799, 806 (7th Cir. 2007).** The Northern District's decision in *Lewis* is not even persuasive because of the critical difference between that case and this one: *Lewis* was a class action, and the case before this Court is not.

Vicarious exhaustion has been applied by the Seventh Circuit in a class action brought pursuant to Title VII. *Romasanta v. United Airlines, Inc.,* **537 F.2d 915, 919 (7th Cir. 1976)**. It does not appear that the Seventh Circuit has considered the application of vicarious exhaustion in the context of a prisoner class action where the plaintiff's claims are subject to Section 1997(e). See the discussions in *Phipps v. Sheriff of Cook County*, **--- F.Supp.2d ----, 2009 WL 4146391, \*5 (N.D.Ill., November 25, 2009)**, and *Meisberger v. Donahue*, **245 F.R.D. 627, 629 (S.D. Ind. 2007)**.

Regardless of whether the Seventh Circuit would apply the doctrine in a prisoner class action, plaintiffs have not cited an opinion which suggests that the Court of Appeals would approve of applying vicarious exhaustion where the prisoner plaintiffs are *not* suing as a class under Rule 23. This Court's independent research has not located such a case. This is not surprising, as the rationale for excusing exhaustion by all members of a plaintiff class is rooted

9

in the similarity of claims and remedies as to all members of the class. *In re Household International Tax Reduction Plan*, **441 F.3d 500, 501-502 (7th Cir. 2006)**. That rationale is simply not present where the case is not a class action.

Plaintiffs suggest that the purpose behind the PLRA's exhaustion requirement is met by Ambrose's grievances and that it would be futile to require exhaustion by the rest of the plaintiffs. This argument is factually incorrect in that Ambrose has not exhausted as to all claims stated in the amended complaint, and he is not even involved in all of the claims. In any event, plaintiffs' perception that the filing of additional grievances would be futile does not exempt them from the exhaustion requirement.

The Supreme Court has made it plain that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, **122 S.Ct. 983, 992 (2002)**. A prisoner must complete the administrative remedy procedure *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion is required despite the "inmate's perception that exhaustion would be futile." *Thornton v. Snyder*, **428 F.3d 690, 694 (7th Cir. 2005).** Further, exhaustion is required despite the fact that the administrative process does not provide for the type of relief sought, i,e., money damages. *Booth v. Churner*, **121 S.Ct. 1819, 1825 (2001)**.

Plaintiffs Tiffany, Cramer, Williams, Smock, Strong Eagle and Reeves have not exhausted their administrative remedies, and their federal law claims (Counts 1, 3, 4, 5 and 7) must therefore be dismissed without prejudice. The Court should also decline to exercise

supplemental jurisdiction over their state law claims (Counts 2, 6 and 8).  **28 U.S.C. §1367(c)(3). See,** *United Mine Workers v. Gibbs,* **86 S.Ct. 1130, 1139 (1966);** *Avila v. Pappas***, 591 F.3d 552, 553 (7th Cir. 2010).**

## Recommendation

This Court recommends that Defendants Walker, Carich and Spilman's Motion for Summary Judgment **(Doc. 73)** and Defendant Stanislaus' Motion for Summary Judgment **(Doc. 81)** be **GRANTED** in their entirety.

Where a plaintiff has failed to exhaust, the claim should be dismissed without prejudice. **See,** *Ford v. Johnson***, 362 F.3d 395, 401 (7th Cir. 2004).**   Therefore, all claims by all plaintiffs against defendants Karen Spilman and Angeline Stanislaus should be dismissed without prejudice.  The following claims should also be dismissed without prejudice:

| | |
|---|---|
| Count 1: | dismissed in its entirety as to plaintiff Strong Eagle, and dismissed as to plaintiff Ambrose's claim that he was physically assaulted; |
| Count 2: | dismissed in its entirety as to plaintiff Strong Eagle, and dismissed as to plaintiff Ambrose's claim that he was physically assaulted; |
| Count 3: | dismissed in its entirety; |
| Count 4: | dismissed as to all plaintiffs except for Ambrose; |
| Count 5: | dismissed as to all plaintiffs except for Ambrose's claim for deliberate indifference to his mental health needs; |
| Count 6: | dismissed as to all plaintiffs except for Ambrose's claim for failure to provide adequate medical treatment. |
| Count 7: | dismissed in its entirety; |
| Count 8: | dismissed in its entirety. |

If this Recommendation is accepted, the following claims will remain pending:

11

Count 1: Claim under 42 U.S.C. §1983 by Ambrose against defendants Walker, Randle and Carich for deliberate indifference to his "constitutional rights to reasonable safety" in that defendants' agents and employees have verbally assaulted him, have housed him with general population inmates, have identified him as an SDP to general population inmates, and have instructed inmates to verbally assault him.

Count 2: State law claim by Ambrose against Walker and Randle arising out of the events alleged in Count 1.

Count 4: Section 1983 claim by Ambrose against Walker and Randle for subjecting him to improper searches.

Count 5: Section 1983 claim by Ambrose against Walker, Randle and Carich for deliberate indifference to his serious mental health needs.

Count 6: State law claim by Ambrose against Walker, Randle and Carich for failure to provide adequate medical treatment.

Objections to this Report and Recommendation must be filed on or before **April 29, 2010.**

**Submitted: April 12, 2010.**

   **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

12