IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD AMBROSE,** ) | |
| **DAVID TIFFANY,** ) | |
| **MICHAEL CRAMER,** ) | |
| **DAVID WILLIAMS,** ) | |
| **JERRY SMOCK,** ) | |
| **STRONG EAGLE, and** ) | |
| **PAUL REEVES,** ) | |
| ) | Civil No. **08-533-DRH-CJP** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **ROGER WALKER,** ) | |
| **MARK CARICH,** ) | |
| **KAREN SPILMAN, and** ) | |
| **ANGELINE STANISLAUS,** ) | |
| ) | |
| Defendants. ) | |

## **REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is plaintiffs' Motion for Entry of a Protective Order. **(Doc. 100)**. Defendants filed a response at **Doc. 104.**

The seven plaintiffs are confined to Big Muddy Correctional Center pursuant to the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01, et seq.[1] In their amended complaint, they allege that various aspects of their confinement violate their rights under the

---

[1] The amended complaint refers to the plaintiffs as "SDPs." This Court will use the same mode of reference.

United States Constitution and under Illinois law.

In their Motion for Entry of a Protective Order, plaintiffs claim that defendant Carich has retaliated against them for filing this lawsuit. They allege that Carich punished plaintiffs Ambrose and Reeves by putting them in segregation, and that he has threatened other plaintiffs that they will be punished if they continue to pursue their lawsuit. Plaintiffs seek injunctive relief in that they ask the Court to enter an order requiring "Carich and the employees of Big Muddy River Correctional Center to cease harassing or otherwise punishing Plaintiffs for their involvement in the above captioned matter." **Doc. 100, p.2.**

In response, defendants produced the ticket which led to Ambrose being placed in segregation in December, 2009. He was charged with threats and intimidation after becoming loud and abusive to staff in the health care unit. Nurse Cochrane reported that she told him to be quiet and listen, and that Ambrose then stated "Fuck you. I don't have to listen and my lawyer will take care of you." Ambrose was found guilty and punished with two months at C grade, five days in segregation, and two months of gym/yard restriction. **Doc. 104, Ex. A.** Plaintiff Reeves was placed in segregation on investigative status as a result of a letter he had written. **Doc. 104, Ex. B**. In addition, defendants filed the affidavit of Mark Carich in which he states that he had no involvement in placing Ambrose and Reeves in segregation, and did not even know that they had been so placed until his attorney contacted him in March, 2010, to prepare a response to the Motion for Protective Order. Carich denies threatening or harassing any of the plaintiffs. **Doc. 104, Ex. C.**

Although they do not invoke Fed.R.Civ.P. 65, plaintiffs are evidently seeking a preliminary injunction pursuant to that Rule. A party seeking a preliminary injunction must

demonstrate: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and (5) the injunction will not harm the public interest. ***Kiel v. City of Kenosha,* 236 F.3d 814, 815-16 (7th Cir.2000).**

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." ***Mazurek v. Armstrong*, 117 S.Ct. 1865, 167 (1997) (internal citation omitted).**

Plaintiffs have not demonstrated that they are entitled to injunctive relief.

First, they cannot show a reasonable likelihood of success on the merits of the underlying claim. They are asserting a completely new claim in their motion, i.e., a claim for retaliation for exercising their First Amendment rights. However, before they can pursue that claim in this Court, they must first exhaust their administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Secondly, the facts alleged by plaintiff are squarely denied both by the documentary evidence and by Carich's affidavit. Plaintiffs seek injunctive relief as to all staff at Big Muddy, but they have not offered any facts to suggest that anyone has actually retaliated against them.

In addition, the Court must consider the impact of 18 U.S.C.A. §3626, which is part of the Prison Litigation Reform Act:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

An order such as the one sought by plaintiffs would violate §3626(a)(2).

**Recommendation**

This Court recommends that plaintiffs' Motion for Entry of a Protective Order (**Doc. 100**) be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **April 29, 2010.**

**Submitted: April 12, 2010.**

 **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**