IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD AMBROSE, et al.,**

**Plaintiffs,**

v.

**ROGER WALKER, et al.,**

**Defendants.**                                                      No. 08-533-DRH

ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Clifford J. Proud recommending that the Court deny Plaintiffs' Motion for Entry of a Protective Order (Doc. 107). Plaintiffs filed objections to the Report (Doc. 109). Defendants have flied a response to those objections (Doc. 112). Based on the following, the Court **ADOPTS** the Report in its entirety.

This case was brought by seven plaintiffs who are confined to the Big Muddy Correctional Center. Their Amended Complaint alleges that aspects of their confinement violate their rights under both the United States Constitution and Illinois law. On February 10, 2010 Plaintiff filed a motion for entry of a protective order (Doc. 100) seeking protection from harassment and retaliation by Defendant Mark Carich and all of the employees of the Big Muddy River Correctional Facility. Plaintiffs sought an order for those employees to stop harassing and punishing

Plaintiffs. Specifically, Plaintiffs argue that Defendant Carich has been retaliating against Plaintiffs for filing this lawsuit by punishing the Plaintiffs and threatening to punish the Plaintiffs. Further, Plaintiffs allege that as part of that harassment, Defendant Carich placed Plaintiff Ambrose and Reeves in segregation in retaliation for their participation in this action. On March 10, 2010, Defendants filed a response in opposition to the motion arguing that although the allegations in the motion were not specific and thus hard to properly respond to, there was no evidence that Plaintiffs were being harassed and threatened by Carich or anyone else at the Big Muddy Correctional Center (Doc. 104). On April 12, 2010, Judge Proud issued the Report, construing Plaintiffs' motion as one for preliminary injunction and recommending that the motion be denied. Judge Proud noted that the allegations instead raised a new claim which would need to be properly exhausted before pursuing the claim.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. ***Id***.

## II. <u>Analysis</u>

Plaintiffs object to the findings in the Report on several grounds. Plaintiffs first argue that Judge Proud incorrectly construed their motion as one for preliminary injunction pursuant to **FED.R.CIV.P. 65** but that Plaintiffs did not request a preliminary injunction. Plaintiffs instead argue that they simply seek an order providing them with protection from harassment from the employees at the Big Muddy River Correctional Facility. However, the Court finds that Judge Proud correctly construed the motion as one for preliminary injunction. Although Plaintiffs argue that their motion was not one for preliminary injunction, they have provided no other legal mechanism for granting the relief they seek. Neither their original motion nor their objections provide any legal basis for their motion for protective order. In their objections they specifically object to the use of a preliminary injunction as the proper tool, but go on only to say that they instead asked the Court to provide them with protection from Defendants but ultimately fail to determine what mechanism, other than a preliminary injunction, could be used to fulfill their request. In the absence of such a legal mechanism, their motion was most accurately construed as one for a preliminary injunction.

Further, the Court finds that Judge Proud was correct in recommending the denial of a preliminary injunction. In order for a motion for preliminary injunction to be granted, Plaintiffs must show: 1) no adequate remedy at law exists, 2) he will suffer irreparable harm if the injunction is not granted, 3) he has a reasonable likelihood of success on the merits of the underlying claim, 4) the

irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and 5) the injunction will not harm the public interest. **Kiel v. City of Kenosha, 236 F.3d 814, 815-16 (7th Cir. 2000)**.  Here, as Judge Proud accurately pointed out, Plaintiffs cannot show a reasonable likelihood of success on the merits of the underlying claim because the underlying claim is a completely new claim, the harassment of Plaintiffs Ambrose and Reeves at the hands of unnamed employees including Defendant Carich, not at issue in the current case before the Court.  As the Report pointed out, in order to bring this claim, Plaintiffs must first exhaust their administrative remedies.  Further, the evidence offered by Defendants contradicts Plaintiffs' claims. According to the disciplinary reports, Ambrose was sent to segregation because he threatened and intimidated a nurse and was thus punished for that conduct (Doc. 100 at Ex. A).  Further, Reeves was placed in segregation on investigative status due to a letter Reeves wrote (*Id*. at Ex. B).  Plaintiffs have provided no evidence to show that any of the employees at the Big Muddy Correctional Center harassed Plaintiffs.

In response to the Report, Plaintiffs have not only objected to the construal of their motion as one for a preliminary injunction, but have further requested that the Court allow Plaintiffs to amend their Complaint in order to add a claim of retaliation.  Plaintiffs admit that they have not exhausted their administrative remedies but seemingly argue that they should be exempted from exhausting their remedies because to do so would "prolong the pendency of the

current litigation and potentially subject the Court to Plaintiffs filing numerous new lawsuits." (Doc. 109). Plaintiffs, however, have failed to provide any basis under the Prison Litigation Reform Act for exempting them from the exhaustion requirement. Instead, the Act requires that all prisoners exhaust their administrative remedies before filing a claim. *See* **42 U.S.C. § 1997e(a)**. Therefore, the Court **DENIES** Plaintiffs' request to amend their Complaint with a claim of retaliation as Plaintiffs have readily admitted that the claim has not been properly exhausted.

### III.   Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 107). Plaintiffs' motion for entry of a protective order (Doc. 100) is **DENIED**. Further, the Court **DENIES** Plaintiffs' request to amend their Complaint with a claim of retaliation (Doc. 109).

**IT IS SO ORDERED.**

Signed this 1st day of July, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**