IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD AMBROSE, et al.,

Plaintiffs,

v.

ROGER WALKER, et al.,

Defendant.                                        No. 08-533-DRH

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I.  Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Clifford J. Proud recommending that Defendants Roger Walker, Mark Carich, and Karen Spilman's Motion for Summary Judgment (Doc. 73) and Defendant Angeline Stanislaus' Motion for Summary Judgment (Doc. 81) be granted in its entirety (Doc. 106).  Specifically, Judge Proud recommends that all claims against Defendants Karen Spilman and Angeline Stanislaus be dismissed without prejudice.  Further, Judge Proud recommends that all of the claims brought by Plaintiffs David Tiffany, Michael Cramer, David Williams, Jerry Smock, Strong Eagle, and Paul Reeves be dismissed without prejudice for failure to exhaust.  Plaintiffs have filed objections to the Report (Doc. 108).  Defendants have filed a response to those objections (Doc. 111).  Based on the following, the Court **ADOPTS** the Report in its entirety.

The Plaintiffs are all confined at the Big Muddy Correctional Center under the **Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01, *et seq*.** Their Amended Complaint (Doc. 71) alleges that various aspects of their confinement violate their rights under the United States Constitution and under Illinois law. Specifically, Plaintiffs have brought eight claims under **42 U.S.C. § 1983** and state law regarding their confinement and medical treatment.

On September 1, 2009, Defendants Roger E. Walker, Jr., Mark Carich, and Karen Spilman filed a motion for summary judgment regarding exhaustion of administrative remedies (Doc. 73). Defendants argued that Plaintiffs Smock, Tiffany, Reeves, Eagle, and Cramer had either failed to file any grievances or had failed to file grievances related to the issues present in this case. Further, Defendants argued that while Plaintiff Ambrose had exhausted his administrative remedies as to some claims, he had failed to exhaust on the issues of assault by staff and inmates or his claims regarding adequate medical and dental care. Defendants also argued that none of the grievances mentioned Defendant Spilman and thus she should be dismissed. On September 11, 2009 Defendant Angeline Stanislaus, M.D. also filed a motion for summary judgment for failure to exhaust administrative remedies (Doc. 81). Specifically Defendant Stanislaus argued that Plaintiffs Smock, Tiffany, Reeves, Eagle, and Cramer had failed to file any grievances relating to the claims against Stanislaus and Plaintiff Ambrose failed to mention or describe Defendant Stanislaus in any of his grievances. Plaintiffs filed responses to each motion (Docs. 90 & 93). Judge Proud determined that no hearing was necessary as the facts were not in

dispute and the briefings only raised legal issues.

Thereafter, Judge Proud issued the Report on April 12, 2010 (Doc. 106).  Plaintiffs have filed objections to the Report (Doc. 108).  Plaintiffs' only objection focuses on the dismissal of the claims by Plaintiffs Tiffany, Cramer, Williams, Smock, Eagle, and Reeves for failure to exhaust.  While Plaintiffs admit that it is undisputed that the Plaintiffs had failed to exhaust their administrative remedies, Plaintiffs argue that they should have been deemed to have vicariously exhausted their administrative remedies.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made.  *Id*.

## II.  <u>Analysis</u>

**FEDERAL RULE OF CIVIL PROCEDURE 56(c)** states that summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). ***See also Ruffin-Thompkins v. Experian Information Solutions, Inc.***, 422 F.3d 603, 607 (7th Cir. 2005); ***Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.***, 409 F.3d 833, 836 (7th Cir. 2005). The initial burden is upon the moving party to establish that no material facts are in dispute as to an essential element of the nonmoving party's case. ***Delta Consulting Group, Inc. v. R. Randle Const., Inc.***, 554 F.3d 1133, 1137 (7th Cir. 2009). Once the moving party meets the burden, the non-moving party must come forward with evidence that establishes a genuine issue for trial. FED.R.CIV.P. 56(e).

A non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. ***Heft v. Moore***, 351 F.3d 278, 283 (7th Cir. 2003); ***see also Winters v. Fru-Con, Inc.***, 498 F.3d 734, 744 (7th Cir. 2007) (noting that "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies."). Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. ***Heft***, 351 F.3d at 283 (holding that summary judgment is proper when the plaintiff's case consists of factually unsupported claims); ***Thurman v. Village of Homewood***, 446 F.3d

**682, 687 (7th Cir. 2006) (affirming the district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence).  *See Celotex*, 477 U.S. at 320 (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").**

Lawsuits filed by inmates are governed by the provisions of the Prisoner Litigation Reform Act ("PLRA").  That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  **42 U.S.C. § 1997e(a)**.  Persons detained under the **Sexually Dangerous Persons Act** are also considered prisoners under Section 1997e and thus must also exhaust their administrative remedies. ***Kalinowski v. Bond*, 358 F.3d 978, 978-979 (7th Cir. 2004)**.  The burden of proof on the affirmative defense of exhaustion lies with the defendants. ***Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005)**.  The Seventh Circuit, however, requires strict adherence to the PLRA's exhaustion requirement. ***Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to**

exhaustion.**")**.  Exhaustion must occur before the suit is filed.  ***Ford v. Johnson***,

**362 F.3d 395, 398 (7th Cir. 2004)**.  Plaintiff cannot file suit and then exhaust his

administrative remedies while the suit is pending.  ***Id***.  Moreover, "[t]o exhaust

remedies, a prisoner must file complaints and appeals in the place, and at the time,

the prison administrative rules require."  ***Pozo v. McCaughtry***, **286 F.3d 1022,**

**1025 (7th Cir. 2005)**.  Consequently, if a prisoner fails to properly utilize a prison's

grievance process, "the prison administrative authority can refuse to hear the case,

and the prisoner's claim can be indefinitely unexhausted."  ***Doe***, **438 F.3d at 809.**

      As inmates confined with the Illinois Department of Corrections,

Plaintiffs were required to follow the regulations contained in the Illinois Department

of Correction's Grievance Procedures For Offenders ("grievance procedures") to

properly exhaust his claims.  **20 Ill. Admin. Code § 504.800, et seq**.  The grievance

procedures first require inmates to speak with their counselor about their complaint.

**20 Ill. Admin. Code § 504.810(a)**.  Then, if the counselor does not resolve the

issue, the inmate must file a grievance form directed to the Grievance Officer within

60 days of the incident.  ***Id.***  The grievance form must contain "factual details

regarding each aspect of the offender's complaint, including what happened, when,

where, and the name of each person who is subject of or who is otherwise involved

in the complaint.  [This] provision does not preclude an offender from filing a

grievance when the names of individuals are not known, but the offender must

include as much descriptive information about the individual as possible."  **20 Ill.**

**Admin. Code § 504.810(b)**.  "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer…[who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances."  **20 Ill. Admin. Code § 504.830(d)**.  If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB").  The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached."  **20 Ill. Admin. Code § 504.850(a)**.  "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations."  **20 Ill. Admin. Code § 504.850(e)**.  "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance with 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  The offender shall be sent a copy of the Director's decision."  **20 Ill. Admin. Code § 504.850(f)**.

The Report concluded that Plaintiffs Tiffany, Cramer, Williams, Smock, Eagle, and Reeves failed to exhaust their administrative remedies and could not rely

on the exhaustion of Ambrose's claims.  Further, the Report found that Ambrose had not exhausted his claims as to Defendants Stanislaus and Spilman.

Plaintiffs filed an objection to the Report.  Plaintiffs raise only one objection to the Report, that Judge Proud was wrong in that Plaintiffs Tiffany, Cramer, Williams, Smock, Eagle, and Reeves should be deemed to have exhausted their administrative remedies.  Plaintiffs specifically argue that they vicariously exhausted their administrative remedies because Plaintiff Ambrose exhausted his administrative remedies as to similar claims.  This argument is the same one presented in Plaintiffs' responses to the summary judgment motions.  Plaintiffs here even incorporate their motions for summary judgment rather than explain in their objections how Judge Proud's decision was incorrect.  Plaintiffs seem to merely take umbrage with Judge Proud's conclusion.

However, the Court finds that Judge Proud correctly determined that the Plaintiffs' claims should be dismissed because they have failed to exhaust their administrative remedies.  Plaintiffs readily admit that only Plaintiff Ambrose has exhausted his administrative remedies and that the remaining Plaintiffs have failed to exhaust their administrative remedies.  While Plaintiffs argue that they should be deemed to have vicariously exhausted through the grievances of Plaintiff Ambrose, they present no controlling case law to support their position.  Although they do cite to a case from the Northern District of Illinois, **see Lewis v. Washington, 265 F.Supp.2d 939 (N.D.Ill. 2003)**, Judge Proud correctly noted that the case is not authoritative precedent nor is it even persuasive as it is from another district court

and deals with a class action.  While the Seventh Circuit has recognized vicarious exhaustion in class actions, the Seventh Circuit has never considered the issue of whether vicarious exhaustion can be applied in prisoner actions that do not present class actions.  As Judge Proud noted, it is not unusual that there is a lack of case law on the subject as the rationale in class actions does not exist in cases like the one presented here, where the issues and remedies of all the Plaintiffs are not similar as they are with class actions.  The rationale behind allowing vicarious exhaustion in class actions does not apply in this case where no class action exists.  Here, there is no class action, but several different Plaintiffs which present separate and unique issues that must each be exhausted.  As Judge Proud pointed out in the Report, Ambrose's grievances could not even meet the exhaustion requirement for all Plaintiffs as many of the other Plaintiffs' claims had not been exhausted by Ambrose.

Further, Plaintiffs argue that they should be exempt from the exhaustion requirement because further attempts by the Plaintiffs to file grievances would be futile as Ambrose's grievances involving similar issues were denied.  However, the exhaustion requirement applies to all inmates and must be complied with even if the "inmate's perception [is] that exhaustion would be futile." ***Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)**.  Despite the fact that Plaintiffs believe their grievances would ultimately be denied, they are still required under the PLRA to

exhaust those remedies before filing suit.  This requirement meets with the purpose of the PLRA which is to "permit the prison's administrative process to run its course before litigation begins" and allows prison authorities to be alerted to an ongoing problem and address the prisoner's concerns without going to trial. ***Dole*, 438 F.3d at 809 (citing *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005); *Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).**

   As Plaintiffs Tiffany, Cramer, Williams, Smock, Eagle, and Reeves have not exhausted their administrative remedies, the Court agrees that their claims should be dismissed without prejudice.  The Court also agrees that Plaintiffs state law claims should be dismissed as well, as the Court declines to exercise supplemental jurisdiction.

         Further, although the Plaintiffs do not object to the finding that Plaintiff Ambrose also failed to exhaust his administrative remedies as to Defendants Stanislaus and Spilman,[1] the Court finds that Ambrose also failed to properly exhaust as to these two defendants.  The Illinois Department of Correction grievance system requires that all grievances "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint.

---

[1] Plaintiffs' objections only mentions the findings of the Report as to Plaintiff Ambrose's claims. The majority of the objections focus on the other Plaintiffs' vicarious exhaustion.  Plaintiffs then state that they object to the Report because it is contrary to the rationale behind the PLRA and it will result in numerous lawsuits if Plaintiffs are required to individually exhaust.  It is unclear whether Plaintiffs object in any specific way to the findings as to Plaintiff Ambrose's failure to exhaust.  In any event, the Court finds that Plaintiff Ambrose did fail to exhaust as to Defendants Stanislaus and Spilman.

This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." **20 Ill. Admin. Code § 504.810(b)**. Plaintiff Ambrose was required to provide factual particularity as to his claims, and although he did not have to name Spilman or Stanislaus, he still was required to provide a description of the defendants if he did not know their names.  Plaintiffs argued in their response that although Ambrose did not specifically name Stanislaus, his grievance regarding Mark Carich (Doc. 81 Ex. 3) covered Defendant Stanislaus. However, a review of Exhibit 3, a grievance filed by Ambrose on July 5, 2006, does not describe Defendant Stanislaus nor does it describe the allegations in his Complaint as to Defendant Stanislaus.  Further, a review of the grievances shows that none of the grievances mention Defendant Spillman.  Therefore, the Court finds that Plaintiff Ambrose has failed to exhaust as to both Defendants Stanislaus and Spillman.  Further the Court finds that Ambrose failed to exhaust as to his claims of physical assault or deliberate indifference to a medical or dental need as none of the grievances filed by Ambrose deal with those issues.

### III.   Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 106) in its entirety. The Court **GRANTS** both Defendants Walker, Carich and Spilman's Motion for Summary Judgment (Doc. 73) as well as Defendant Stanislaus' Motion for Summary

Judgment (Doc. 81). All claims against Defendants Karen Spilman and Angeline Stanislaus are **DISMISSED without prejudice**. Further, all claims of Plaintiffs Tiffany, Cramer, Williams, Smock, Strong Eagle, and Reeves are **DISMISSED without prejudice**. Plaintiff Ambrose's claims of physical assault and deliberate indifference to medical or dental needs are also **DISMISSED without prejudice**.

The following claims remain pending:

Count 1:    Claim under 42 U.S.C. § 1983 by Ambrose against Defendants Walker, Randle, and Carich for deliberate indifference to his "constitutional rights to reasonable safety" in that defendants' agents and employees have verbally assaulted him, have housed him with general population inmates, have identified him as an SDP to general population inmates, and have instructed inmates to verbally assault him.

Count 2:    State law claim by Ambrose against Walker and Randle arising out of the events alleged in Count 1.

Count 4:    Section 1983 claim by Ambrose against Walker and Randle for subjecting him to improper searches.

Count 5:    Section 1983 claim by Ambrose against Walker, Randle, and Carich for deliberate indifference to his serious mental health needs.

Count 6:    State law claim by Ambrose against Walker, Randle, and Carich

for failure to provide adequate medical treatment.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2010.

_/s/  David R. Herndon_

**Chief Judge**
**United States District Court**