IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD AMBROSE, )
)
        Plaintiff, )
)
vs. ) Case No. 08-cv-0533-MJR
)
ROGER WALKER, )
MARK CARICH, and )
MICHAEL P. RANDLE, )
)
        Defendants. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

      On June 13, 2011, the Honorable Stephen C. Williams, United States Magistrate Judge, certified this case trial-ready (Doc. 160). Jury Trial is set to proceed before the undersigned District Judge at 9:00 am on July 25, 2011. Counsel have advised the Court that the trial will be completed within three days, and the undersigned Judge has set aside three days on his docket. Having reviewed the docket sheet, the August 2009 amended complaint (Doc. 71), and the Final Pretrial Order (Doc. 159), the Court ORDERS as follows.

      Filed by appointed counsel, Plaintiff's August 2009 First Amended Complaint is 37 pages long (a vast improvement on the sprawling sets of documents Plaintiff filed pro se as the original complaint, well over 600 pages including attachments and supplements). The amended complaint includes claims based on Illinois law and claims based on federal law. Specifically, it contains the claims of 7 Plaintiffs against 5 Defendants, organized into 8 counts (Counts I through VIII, designated by Roman numerals).

The undersigned District Judge received this case from Chief Judge Herndon in January 2011. Judge Herndon ruled on several dispositive motions and dismissed various claims and parties prior to this Judge's entry in the case.

Notably, in July 2010, Judge Herndon concluded that 6 of 7 Plaintiffs had failed to exhaust their administrative remedies prior to filing this suit, and the 7th Plaintiff (Ambrose) had not exhausted as to 2 of 5 Defendants (Doc. 114, pp. 12-13).[1] Judge Herndon dismissed those claims and parties as well as Ambrose's "claims of physical assault and deliberate indifference to medical or dental needs" (Doc. 114, p. 12). Although these claims and Defendants were dismissed, Plaintiff was not directed to file a Second Amended Complaint reflecting only the claims and parties left for trial, so the most recent complaint (Doc. 71) still intermingles dismissed claims/parties with viable claims/parties (some in the same counts). Therefore, the undersigned must determine exactly what is left for trial.

The complaint alleges that Plaintiffs are confined at Big Muddy Correctional Center following a civil commitment under the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01, et seq. Plaintiffs challenge certain aspects of this confinement (e.g., they are civilly-committed "pretrial detainees" housed with and subjected to harassment, name-calling, and verbal assaults by convicted inmates, and this harassment is encouraged by correctional officials who have identified Plaintiffs as sexually dangerous persons (SDPs) to general population inmates).

---

[1] Plaintiffs appealed Judge Herndon's July 2010 Order to the Court of Appeals for the Seventh Circuit but later voluntarily dismissed the appeal.

Following Judge Herndon's rulings, remaining for trial are the claims of a single Plaintiff (Richard Ambrose) against 3 Defendants (Roger Walker, Michael Randle and Mark Carich). The parties' joint Final Pretrial Order explains that the claims which remain "correspond with Claims 1, 2, 4, 5, and 6" of the amended complaint (presumably meaning *Counts* I, II, IV, V and VI). The Final Pretrial Order further describes these claims as follows (Doc. 159, pp. 1-2):

> 1: Claim under 42 U.S.C. § 1983 by Ambrose against Defendants Walker, Randle, and Carich for deliberate indifference to his "constitutional rights to reasonable safety" in that defendants' agents and employees have verbally assaulted him, have housed him with general population inmates, have identified him as an SDP to general population inmates, and have instructed inmates to verbally assault him.
>
> 2: State law claim by Ambrose against Walker and Randle arising out of the events alleged in Count 1.
>
> 3: Section 1983 claim by Ambrose against Walker and Randle for subjecting him to improper searches.
>
> 4d: Section 1983 claim by Ambrose against Walker, Randle, and Carich for deliberate indifference to his serious mental health needs.
>
> 5: State law claim by Ambrose against Walker, Randle, and Carich for failure to provide adequate medical treatment.

As mentioned above, this case has been certified trial-ready. All discovery and motion-filing deadlines have elapsed, and only two motions remain for disposition by the undersigned District Judge:

- **Doc. 151**, Plaintiff's May 18, 2011 "Daubert" Motion
(seeking to exclude the testimony of Dr. Terry Killian); and

- **Doc. 154**, Plaintiff's six-part May 31, 2011 Motion in Limine.

The undersigned Judge will issue a separate Order ruling on the motions in limine within the next three weeks. The undersigned Judge intends to rule on the Daubert Motion (Doc. 151, with response at Doc. 156) at the July 15, 2011 Status/Supplemental Pretrial Conference and may first ask for oral argument on any points requiring clarification.

**Counsel are REMINDED that a Status/Supplemental Final Pretrial Conference is set before the undersigned Judge at 11:00 am on Friday, July 15th.** Counsel should be prepared to argue the Daubert motion and to discuss how the undersigned District Judge conducts voir dire, selects jurors, uses sidebar conferences, and handles evidence presentation at trial.

One matter bears note after review of the Final Pretrial Order. As stated above, multiple dispositive motions were filed and ruled on by Judge Herndon. The parties were given additional time to complete discovery, to file dispositive motions, and to file a Daubert motion. As emphasized in the Court's March 24, 2011 Order, the dispositive motion deadline was extended twice (see Docs. 62, 127, 134), elapsed March 1, 2011, and would not be further extended. Close examination of the record suggests that counsel *may* be attempting to circumvent their failure to timely raise (via motion) certain claims/defenses by inserting in the June 13th Final Pretrial Order a list of legal issues which the "Court is to decide."

For instance, the Pretrial Order fleetingly mentions undecided issues such as whether sovereign immunity entirely bars Plaintiff's claims "under Illinois state law," whether the case of *Heck v. Humphrey* bars Plaintiff's claims, whether "public official immunity" bars Plaintiff's state law claims, and whether "Defendants are entitled to qualified immunity." It is not entirely clear what the parties meant by including these issues "the Court is to decide" in a Final Pretrial Order. But any issue which could have been raised via timely pretrial motion *and*

*was not* raised likely has been waived (or forfeited) and cannot for the first time be raised at trial. The undersigned Judge is cognizant that situations exist in which qualified immunity issues may require resolution at trial. However, the United States Supreme Court has been quite clear that normally qualified immunity should be raised and adjudicated via pretrial motion, *not* left for determination at trial. **See Hunter v. Bryant, 502 U.S. 224, 228 (1991)(declaring that immunity ordinarily should be decided "long before trial").**

Of course, subject matter jurisdiction cannot be waived, and the Court must always verify its subject matter jurisdiction. The Final Pretrial Order indicates that a question exists as to this Court's jurisdiction to adjudicate Plaintiff's state law claims. Apparently, Plaintiff contends (and Defendants contest) that this Court enjoys supplemental jurisdiction over Plaintiff's Illinois-law based claims under 28 U.S.C § 1367. In civil actions of which the district court has original jurisdiction, § 1367 furnishes supplemental jurisdiction over "other claims that are so related to claims in the action" within the Court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." Counsel should be prepared to address this issue at the July 15th conference.

Additionally Plaintiff's counsel should be ready to explain how the state law claims differ from (and provide something other than duplicate recovery from) the federal claims herein. For instance, Count II pleads a claim under 705 ILCS § 205/8 for failure to ensure Plaintiff's safety. One allegation of this count is (Doc. 71, ¶ 64): "Defendants Walker and Randle failed to provide training to their agents and employees, on the rights of Plaintiffs to reasonable safety … and such failure constitutes deliberate indifference…."). In similar language, Count I pleads a *federal* claim (under 42 U.S.C. § 1983) against the same two

5

Defendants plus Defendant Carich for deliberate indifference based on failure to ensure Plaintiff's reasonable safety. Plaintiff's counsel is asked to advise the Court at the July 15th conference whether these claims (federal and state) provide different forms of relief or damages.

Finally, the Court asks counsel to jointly prepare (and submit at the July 15th conference) a "Statement of the Case" which can be read to the jury during voir dire. The Statement of the Case should identify each party by name, identify each Defendant's title/position, summarize each of Plaintiff's claims, and supply enough information to ensure that meaningful jury selection ensues on July 25, 2011.

It will be helpful for counsel to agree on numerical designation of the claims for use in this Statement of Case as well as in jury instructions. By way of example, if the remaining claims correspond to Counts I, II, IV, V and VI of the amended complaint, counsel may agree to refer to these at trial as Counts 1, 2, 3, 4, and 5, to simplify presentation and alleviate any question in the jurors' mind as to why the counts/claims appear to "skip" a number.

IT IS SO ORDERED.

DATED June 17, 2011.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge